## STATE OF CONNECTICUT *v.* WARD HAMILTON
### (AC 15394)

Foti, Schaller and Spear, Js.

Argued April 28—officially released May 27, 1997

*William W. Fisher, Jr.*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, assistant state's attorney, with whom, on the brief, were *Kevin Kane*, state's attorney, and *Paul Narducci*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant appeals from the judgment of conviction, rendered after a jury trial, of crimi-

nal impersonation in violation of General Statutes § 53a-130 (a) (3).[1] He claims that the trial court improperly failed to refer to statutes, other than the one charged, in instructing the jury.[2]

The jury reasonably could have found the following facts. On December 22, 1994, the defendant, a protective service trainee at the department of mental health and addiction services of the state of Connecticut, while operating his vehicle on Route 85 in Waterford, observed an automobile occupied by the victims, make an illegal left turn, which forced the defendant to bring his vehicle to a sudden stop. No collision occurred. The defendant then chased the victims onto I-95 and attempted to stop them by signaling to them to pull over, pointing and blowing his horn. When the victims refused to stop, the defendant leaned toward the passenger window of his vehicle and displayed a black badge case bearing the insignia "Connecticut State Police." The defendant opened the badge case and displayed a badge. The victims stopped their automobile, and the defendant pulled his private vehicle in front of the victims' automobile and approached the passenger side. The defendant again opened the badge case and displayed a silver badge. He said, "Connecticut state police. Do you realize that you made an illegal left-hand turn?" He also asked to see a license, registration and insurance card. The defendant is not a member of the Connecticut state police, nor did he have the power of arrest.

The defendant has not properly preserved this claim for appellate review. He neither filed a request to charge

---

[1] General Statutes § 53a-130 (a) provides in relevant part: "A person is guilty of criminal impersonation when he . . . (3) pretends to be a public servant, or wears or displays without authority any uniform or badge by which such public servant is lawfully distinguished, with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense."

[2] The defendant cites General Statutes §§ 14-224 (a) and (b) and 14-217.

nor took an exception to the trial court's charge as given. Practice Book §§ 852, 4061.[3] The defendant does not seek review under *Golding*[4] or under the plain error doctrine. He concedes that this issue is not a constitutional claim and does not deal with insufficiency of the evidence. He also admits that the trial court's instructions on the elements of the crime charged were sufficient under the law. We, therefore, conclude that the defendant's claim is not reviewable.

The judgment is affirmed.

---

[3] Practice Book § 852 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of exception. The exception shall be taken out of the hearing of the jury."

Practice Book § 4061 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[4] *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).